JUDGE BUCHWALD

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
THE UNIVERSAL CHURCH, INC.                   x  Civil Action No.: 14 CV 5213
                                             x
        Plaintiff,                           x  COMPLAINT
                                             x
    vs.                                      x  JURY DEMANDED
                                             x
UNIVERSAL LIFE CHURCH/ULC MONASTERY          x
d/b/a THE UNIVERSAL LIFE CHURCH,             x
UNIVERSAL LIFE CHURCH MONASTERY              x
STOREHOUSE, GEORGE FREEMAN,                  x
BRUCE TAYLOR, CALVIN TOELLNER and            x
DANIEL CHAPIN                                x
                                             x
---------------------------------------------------------------x

RECEIVED JUL 11 2014 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff, The Universal Church, Inc. (hereinafter "Plaintiff"), by its attorneys, Tendy Law Office LLC and BahnMulter LLP, and for its Complaint against defendants Universal Life Church Monastery, d/b/a The Universal Life Church, Universal Life Church Monastery Storehouse, George Freeman, Bruce Taylor, Calvin Toellner and Daniel Chapin (collectively "Defendants") alleges as follow, upon knowledge with respect to itself and its own acts, and upon information and belief as to all other matters:

## PARTIES

1. Plaintiff is a New York not-for-profit corporation with its principal place of business at 247 Walnut Street, Newark, NJ 07105.

2. Defendant Universal Life Church/ULC Monastery, currently doing business as Universal Life Church, is an "inactive" nonprofit corporation originally incorporated in Arizona and registered to do business in Washington State with

1

"inactive" status and with offices at 1425 Broadway, Suite 67, Seattle, WA 98122.

3. Defendant Universal Life Church Monastery Storehouse is an active Washington State nonprofit corporation with offices at 1425 Broadway, Suite 67, Seattle, WA 98122.

3. Defendant George Freeman is President of Universal Life Church/ULC Monastery and Universal Life Church Monastery Storehouse. His business address is 1425 Broadway, Suite 67, Seattle, WA 98122.

4. Defendant Bruce Taylor is Vice President of Universal Life Church Monastery Storehouse. His business address is listed in the Washington Secretary of State's Office records as 1425 Broadway, Suite 67, Seattle, WA 98122.

5. Calvin Toellner is Secretary of Universal Life Church Monastery Storehouse. His business address is listed in the Washington Secretary of State's Office records as 1425 Broadway, Suite 67, Seattle, WA 98122.

6. Defendant Daniel Chapin is Vice President of Universal Life Church/ULC Monastery. His business address is listed in the Washington Secretary of State's Office records as 1425 Broadway, Suite 67, Seattle, WA 98122.

## JURISDICTION AND VENUE

7. This is a complaint for cybersquatting, trademark infringement, unfair competition and false description arising under sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114(1) (trademark infringement), §1125(a) (unfair competition

and false description), § 1125(d) (cybersquatting) and for deceptive business practices, false advertising, unfair competition and injury to business reputation under New York State law.

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121. This Court has supplemental jurisdiction over the state law tort claims pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants are doing and transacting business in this judicial district, have substantial contacts with this judicial district, a substantial portion of the events at issue have arisen and continue to occur in this judicial district and Defendants have committed acts of infringement and offers their services in this judicial district.

## GENERAL ALLEGATIONS

10. Plaintiff is a highly successful church with operations throughout the United States. It was incorporated in the United States as a non-profit Christian organization on May 5, 1987 and opened its first church in Manhattan soon thereafter. Initially, worship services were held only in English, but churches quickly opened for Spanish and Portuguese speakers as well. Today, Plaintiff operates approximately 19 places of worship in New York alone and another approximately 196 more throughout the United States. Plaintiff is affiliated with the Universal Church of the Kingdom of God, which was founded in Brazil in 1977 and currently operates in approximately 180 countries worldwide. In

3

addition to operating its numerous places of worship, Plaintiff also produces and broadcasts television programming, operates websites, publishes books and newsletters, sells t-shirts and other promotional apparel and provides family counseling services.

11. The key to Plaintiff's phenomenal success is the consistent high quality and reputation of the services it provides.

12. Plaintiff has invested substantial time, effort and resources in connection with the marketing and promotion of its goods and services in the United States under the trademarks UNIVERSAL CHURCH, THE UNIVERSAL CHURCH and UNIVERSAL CHURCH OF THE KINGDOM OF GOD (hereinafter "Trademarks"). These Trademarks are registered here in the United States and in many foreign countries.

13. As a result of Plaintiff's continuous and systematic use of the Trademarks in interstate commerce and the success of its religious and other goods and services offered under the Trademarks, Plaintiff has achieved substantial good will in the Trademarks and consumers have come to favorably know, recognize and identify goods and services bearing the Trademarks as originating from Plaintiff.

14. On January 3, 2006, Plaintiff was granted registration number 3037551 for the word mark "UNIVERSAL CHURCH" for evangelistic and ministerial services, namely, conducting religious worship services in International Class 45. On February 14, 2012, the USPTO issued a Notice of Acceptance under Sections 8 and 15 of the Trademark Act, 15 U.S.C. §§ 1058(a)(1) and 1065 and,

4

accordingly, Plaintiff's rights to the trademark "UNIVERSAL CHURCH" in International Class 45 was deemed "incontestable."  See Exhibit A.

15. On January 10, 2006, Plaintiff was granted registration number 3040029 for the words and mark "UNIVERSAL CHURCH OF THE KINGDOM OF GOD" for evangelistic and ministerial services, namely, conducting religious worship services in International Class 45.  On February 18, 2012, the USPTO issued a Notice of Acceptance under Sections 8 and 15 of the Trademark Act, 15 U.S.C. §§ 1058(a)(1) and 1065 and accordingly, Plaintiff's rights to the trademark "UNIVERSAL CHURCH OF THE KINGDOM OF GOD" in International Class 45 was deemed "incontestable."  See Exhibit B.

16. On April 10, 2012, Plaintiff was granted registration number 4124440 for the words and mark "THE UNIVERSAL CHURCH" for religious counseling and ministerial services in International Class 45, newsletters and informational brochures all about religious beliefs and practices in International Class 16, and t-shirts distributed in connection with religious groups in International Class 25.  See Exhibit C.

17. On April 10, 2012, Plaintiff was granted registration number 3930709 for the words and mark "UNIVERSAL CHURCH OF THE KINGDOM OF GOD" for religious counseling and ministerial services in International Class 45, newsletters and informational brochures all about religious beliefs and practices in International Class 16, and t-shirts distributed in connection with religious groups in International Class 25.  See Exhibit D.

18. Defendant Universal Life Church Monastery was formed under the

laws of the State of Arizona and registered to do business in the State of Washington on May 19, 2005. The official records for the Washington Secretary of State, Division of Corporations show that its current status is "inactive". See Exhibit E. Nevertheless, it appears to be presently engaged in the business of providing religious ordination services over the Internet through a number of domain names including www.universalchurch.org. See Exhibit F.

19. Defendant Universal Life Church/ULC Monastery Storehouse was formed under the laws of the State of Washington on September 13, 2006. The official records for the Washington Secretary of State, Division of Corporations show that its current status is "active." Although George Freeman is the President of both corporations, it is presently unclear what this Defendant's role is in the operation of the infringing website and domain. On information and belief, it is one of the corporate entities responsible for the activities alleged herein.

20. Defendants registered the domain www.universalchurch.org anonymously through domainsbyproxy.com after the Universal Church of the Kindom of God in Brazil inadvertently allowed it to lapse.

21. Defendants' wrongful use of the UNIVERSAL CHURCH trademark as its domain name is designed to fraudulently attract visitors to Defendants' website and is likely to cause confusion, mistake or deception in the minds of the public as to the source of Defendants' religious ordination services.

22. Defendants' use of the UNIVERSAL CHURCH OF THE KINGDOM OF GOD trademarks and other content concerning the Universal Church of the