Kingdom of God on its website furthers the likelihood of confusion, mistake and deception in the minds of the public as to the source of Defendants' religious ordination services.

23. Defendants' conduct constitutes a willful and malicious violation of Plaintiff's trademark rights and is aimed at preventing Plaintiff from continuing to build a thriving church around the Trademark that it has long possessed and over which its rights are now incontestable as a matter of law.

24. On June 21, 2013, counsel for Plaintiff sent a cease and desist letter to Defendants demanding that they cease using the www.universalchurch.org domain. The letter also demanded that certain false and defamatory statements concerning Bishop Edir Macedo of the Universal Church of the Kingdom of God in Brazil be removed from Defendants' website, not only because the statements were false but also because they appeared to be intentionally designed to generate confusion as to the source of the information and the services offered on the website. Exhibit E.

25. On June 27, 2013, Defendant Freeman responded professing confusion as to what the June 21, 2013 letter was asking. Exhibit F.

26. On July 29, 2013, counsel for Plaintiff responded with further explanation. Exhibit G.

27. On August 13, 2013 counsel for Plaintiff received a response from David R. Osgood, Esq. of the Law Office of David Osgood in Seattle, WA writing on behalf of Defendants. A copy of that response is attached as Exhibit H.

7

27. On October 11, 2013 counsel for Plaintiff responded explaining that the "'UNIVERSAL CHURCH' is a federally registered trademark and has obtained incontestable status under the Lanham Act, 15 U.S.C. §§ 1065 and 1115(b). This trademark is in no way generic as to the goods and services covered by the registrations and your argument concerning distinctiveness is invalid. Under well established federal law, the Universal Church, Inc., the trademark owner, has the exclusive and incontestable right to use this mark and to insist that your client cease infringing it." The letter again demanded that the Defendants "cease use of the www.universalchurch.org domain as well as the other elements of its website identified in our previous correspondence, which are clearly designed to generate confusion as to the source of the site and the information on the site." Exhibit I.

28. Plaintiff never received a response to counsel's October 11, 2013 letter.

29. On June 19, 2014, Plaintiff learned that Defendants had updated their website to include photos of celebrities who allegedly have been ordained by Defendants. These images are likely to drive additional traffic to Defendants' website as people search for images of the celebrities, thereby causing significantly more confusion as to the source of Defendants' services.

30. Use of Plaintiff's federally registered trademarks on the website and as a domain name for confusingly similar services violates Plaintiff's exclusive right to use the trademark and constitutes trademark infringement under both federal and state law.

## COUNT I

(Violation of 15 U.S.C. § 1125(d))

31. Plaintiff specifically realleges and incorporates by reference each and every allegation set forth above.

32. By registering and using the domain www.universalchurch.org, Defendants are in violation of 15 U.S.C. § 1125(d), which expressly prohibits the registration, use or sale of a domain name that is identical or confusingly similar to a protected trademark.

33. Plaintiff is entitled to an order from this Court preliminarily and permanently enjoining Defendants, their agents, employees and others acting in concert with them, from continuing to use the www.universalchurch.org domain and ordering them to transfer the registration to Plaintiff.

34. Plaintiff is further entitled to recover statutory or actual damages sustained in consequence of Defendants' wrongful conduct in an amount to be determined; to recover Defendants' profits; and to recover Plaintiff's attorneys' fees and other costs herein.

35. Plaintiff is further entitled to recover damages sustained in consequence of Defendants' wrongful conduct in an amount to be determined; to recover Defendants' profits; and to recover Plaintiff's attorneys' fees and other costs herein. Based upon the circumstances of the case, including the willful nature of Defendants' conduct, Plaintiff is further entitled, under 15 U.S.C. § 1117, to recover treble the amount of actual damages found.

## COUNT II

### (Trademark Infringement, 15 U.S.C. § 1114(1))

36. Plaintiff specifically realleges and incorporates by reference each and every allegation set forth above.

37. The United States Patent and Trademark Office has granted trademark registrations to the Trademarks and these registrations have become incontestable. Plaintiff owns the exclusive trademark rights and privileges in and to the Trademarks in the United States.

38. Defendants' are using the Trademarks in a manner that is likely to confuse, deceive and/or cause mistake among consumers and is therefore infringing Plaintiff's rights in the Trademarks in violation of 15 U.S.C. § 1114(1).

39. Plaintiffs have no adequate remedy at law for Defendants' infringement of the Trademarks in that (i) the Trademarks are unique and valuable property, injury to which cannot adequately be compensated by monetary damages; (ii) the damages to Plaintiff resulting from the infringement are not precisely and fully ascertainable; (iii) the infringement injures and threatens to continue to injure Plaintiff's reputation and goodwill; and (iv) the damage resulting to Plaintiffs from Defendants' wrongful conduct and the conduct itself are continuing and Plaintiffs would be required to bring a multiplicity of suits to achieve full redress for the injuries caused thereby.

40. Unless restrained, Defendants' infringement of the Trademarks will continue to cause irreparable injury to Plaintiff, both during the pendency of this action and thereafter. Plaintiff is therefore entitled to an order from this Court

preliminarily and permanently enjoining Defendants and their agents, employees and others acting in concert with them, from directly or indirectly infringing the Trademarks in any manner.

41. Plaintiff is further entitled to recover damages sustained in consequence of Defendants' wrongful conduct in an amount to be determined; to recover Defendants' profits; and to recover Plaintiff's attorneys' fees and other costs herein. Based upon the circumstances of the case, including the willful nature of Defendants' conduct, Plaintiff is further entitled, under 15 U.S.C. § 1117, to recover treble the amount of actual damages found.

## COUNT III

### (Violation of 15 U.S.C. § 1125(a))

42. Plaintiffs specifically reallege and incorporate by reference each and every allegation set forth above.

43. The acts of Defendants alleged herein are likely to cause confusion, or cause mistake, or deceive as to the affiliation, connection or association of Defendants services with Plaintiff, or as to the sponsorship or approval of Defendants services or activities by Plaintiff. Defendants' actions further misrepresent the nature, characteristics or qualities of Defendants' services and/or commercial activities.

44. Plaintiffs have no adequate remedy at law for Defendants' wrongful conduct in that (i) those actions continue to threaten Plaintiff's unique and valuable property, injury to which cannot adequately be compensated by monetary damages; (ii) the damages to Plaintiff resulting from the wrongful

11

conduct are not precisely and fully ascertainable; (iii) the wrongful conduct injures and threatens to continue to injure Plaintiff's reputation and goodwill; and (iv) the damage resulting to Plaintiffs from Defendants' wrongful conduct and the conduct itself are continuing and Plaintiffs would be required to bring a multiplicity of suits to achieve full redress for the injuries caused thereby.

45. Unless restrained, Defendants' wrongful conduct will continue to cause irreparable injury to Plaintiff, both during the pendency of this action and thereafter. Plaintiff is therefore entitled to an order from this Court preliminarily and permanently enjoining Defendants and their agents, employees and others acting in concert with them, from directly or indirectly (i) offering, advertising, promoting or displaying any product or service which tends to relate or connect such product or service in any way to Plaintiff or to any good or service offered, sponsored or approved by or connected with Plaintiff; (ii) using any mark that is similar to the Trademarks; and (iii) making any false description or representation of origin concerning any goods or services offered by Defendants.

46. Plaintiff is further entitled to recover damages sustained in consequence of Defendants' wrongful conduct in an amount to be determined; to recover Defendants' profits; and to recover Plaintiff's attorneys' fees and other costs herein.

## COUNT IV

**(Violation of New York General Business Law §§ 349 and 350)**

47. Plaintiff specifically realleges and incorporates by reference each and every allegation set forth above.

48. Defendants' commercial use of the www.universalchurch.org domain and the other conduct alleged herein represents a deliberate attempt to mislead consumers because Defendants are causing a likelihood of confusion or misunderstanding as to Defendants' goods and services, and those of third parties, having a source in or the sponsorship, approval or certification of Plaintiff or as being affiliated, connected or associated with Plaintiff, and are otherwise engaging in conduct which creates a likelihood of confusion between Plaintiff's and Defendants' services and creating misunderstandings of the source of Defendants' services as being Plaintiff's.

49. By engaging in such conduct, Defendant has engaged in deceptive acts and business practices in violation of New York General Business Law §§ 349 and 350.

50. By reason of Defendants' above-described unlawful activities, Plaintiff has sustained injury, damage and loss and Defendants' have been unjustly enriched. Plaintiff has already suffered irreparable harm, and will continue to be irreparably damaged unless this Court enjoins defendant from continuing its unlawful acts. Plaintiffs have no adequate remedy at law.

## COUNT V

### (Unfair Competition Under New York Common Law)

51. Plaintiff specifically realleges and incorporates herein by reference each and every allegation set forth above.

52. Plaintiff has widely advertised and used the Trademarks to identify

13

their goods and services. By virtue of such advertising and use, the Trademarks have come to identify Plaintiff as the source of services marketed under the Trademarks and the Trademarks have come to represent valuable goodwill, which is owned by Plaintiff.

53. Defendants' deliberate imitation and copying of the Trademarks is without the permission of Plaintiff, and Defendants' use of the Trademarks constitutes common law trademark infringement and unfair competition and is unlawful.

54. By reason of Defendants' above-described unlawful activities, Plaintiff has sustained injury, damage and loss and Defendants have been unjustly enriched. Plaintiff has already suffered irreparable harm, and will continue to be irreparably damaged unless this Court enjoins Defendants from continuing its unlawful acts. Plaintiff has no adequate remedy at law.

## JURY DEMAND

Pursuant to Fed. R. civ. P. 38(b), Plaintiff, The Universal Church, Inc., hereby demands trial by jury of all issues so triable that are raised herein or which hereinafter may be raised in this action.

WHEREFORE, Plaintiff prays for judgment as follows:

1. On each and every claim for relief alleged herein, for damages according to proof;

2. On each and every claim for relief alleged herein, for preliminary and permanent injunctive relief as described herein;

3. On each and every claim for relief alleged herein, for attorneys' fees and enhanced damages as provided by law;

4. For their costs of suit herein, including their reasonable attorneys' fees; and

5. For such other, further or different relief as this Court may deem just and proper.

Dated: New York, New York
July 11, 2014

TENDY LAW OFFICE,

*Katherine Daniels*

Katherine J. Daniels, Esq. (Of Counsel)
45 Broadway, Ste. 3150
New York, New York 10006
212-447-4700
212-986-5316
kdaniels@bmgllp.com

15