UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
THE UNIVERSAL CHURCH, INC.          :        Case No. 14 CV 5213
                                        :

     - against –                       :
                                          :

UNIVERSAL LIFE CHURCH/ULC MONASTERY   :  **ANSWER WITH AFFIRMATIVE**
d/b/a THE UNIVERSAL LIFE CHURCH,       :  **DEFENSES AND**
UNIVERSAL LIFE CHURCH MONASTERY     :  **COUNTERCLAIMS**
STOREHOUSE, GEORGE FREEMAN, BRUCE  :
TAYLOR, CALVIN TOELLNER and DANIEL   :  **DEMAND FOR JURY TRIAL**
CHAPIN                                    :
------------------------------------------------------------------ X

      Defendants UNIVERSAL LIFE CHURCH/ULC MONASTERY d/b/a THE UNIVERSAL LIFE CHURCH, UNIVERSAL LIFE CHURCH MONASTERY STOREHOUSE, GEORGE FREEMAN, BRUCE TAYLOR, and CALVIN TOELLNER (collectively, "Defendants" or "Counter-Plaintiffs") by their attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, as and for its answer to the first amended complaint of plaintiffs THE UNIVERSAL CHURCH, INC. ("Plaintiff" or "Counter-Defendant"), in the above captioned action, allege upon information and belief as follows:

**PARTIES**

      1.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "1" of the Complaint.

      2.    Defendants admit that UNIVERSAL LIFE CHURCH/ULC MONASTERY is an active Arizona corporation.  Defendants further admit that UNIVERSAL LIFE CHURCH/ULC MONASTERY was previously registered to do business in Washington State, but is now inactive in Washington State.  Defendants deny all other allegations contained in paragraph "2" of the Complaint.

1

3.      Defendants admit the allegations contained in paragraph "3" of the Complaint.

4.      Defendants deny that they are affiliated with Universal Life Church Ministries, and otherwise deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "4" of the Complaint.

5.      Defendants admit that George Freeman is the President of UNIVERSAL LIFE CHURCH/ULC MONASTERY and UNIVERSAL LIFE CHURCH MONASTERY STOREHOUSE, and that Mr. Freeman resides in Seattle, Washington.

6.      Defendants admit that Bruce Taylor is Vice President of UNIVERSAL LIFE CHURCH MONASTERY STOREHOUSE, and that 125 Broadway, Suite 67, Seattle, Washington 98122 was a mailing address for UNIVERSAL LIFE CHURCH MONASTERY STOREHOUSE.  Defendants deny all other allegations contained in paragraph "6" of the Complaint.

7.      Defendants admit that Calvin Toellner is Secretary of UNIVERSAL LIFE CHURCH MONASTERY STOREHOUSE, and that Mr. Toellner resides in Washington State.

8.      Defendants deny the allegations contained in paragraph "8" of the Complaint, except to admit that Daniel Chapin was previously an officer of UNIVERSAL LIFE CHURCH/ULC MONASTERY, but Mr. Chapin is no longer an officer.

## JURISDICTION AND VENUE

9.      Defendants deny that the allegations set forth in paragraph "9" of the Complaint require a response.

10.     Paragraph "10" of the Complaint sets forth legal conclusions to which no response is required, but to the extent a response is required, Defendants admit that the Court has subject matter jurisdiction over the federal claims and refer all question of law to the Court.

6477089v.1

11.     Paragraph "11" of the Complaint sets forth legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations contained in paragraph "11" of the Complaint and refer all question of law to the Court.

12.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "12" of the Complaint.

13.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "13" of the Complaint.

14.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "14" of the Complaint.

15.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "15" of the Complaint.

16.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "16" of the Complaint.

17.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "17" of the Complaint.

18.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "18" of the Complaint.

19.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "19" of the Complaint.

20.     Defendants admit that UNIVERSAL LIFE CHURCH/ULC MONASTERY d/b/a THE UNIVERSAL LIFE CHURCH owns websites.  Defendants also admit that GEORGE FREEMAN  owns  the  domain  names  www.themonestary.org,  www.ulc.org, www.getordained.org, and www.ulcnetwork.net.  Defendants further admit that UNIVERSAL

3

LIFE CHURCH MONASTERY STOREHOUSE owns the domain name www.universalchurch.org.  Defendants deny that any Defendants, other than UNIVERSAL LIFE CHURCH MONASTERY STOREHOUSE, own or use the domain name www.universalchurch.org.  Defendants otherwise deny the allegations set forth in paragraph "20" of the Complaint, and any allegations not expressly admitted are denied.

21.     Defendants admit that UNIVERSAL LIFE CHURCH/ULC MONASTERY d/b/a THE UNIVERSAL LIFE CHURCH owns websites that are accessible in most states via the Internet.   Defendants further admit that UNIVERSAL LIFE CHURCH MONASTERY STOREHOUSE offers services over the Internet, and as such individuals can make purchases regardless of their location.   Defendants otherwise deny the allegations set forth in paragraph "21" of the Complaint, and any allegations not expressly admitted are denied.

22.     Defendants deny the allegations set forth in paragraph "22" of the Complaint.

23.     Defendants deny the allegations set forth in paragraph "23" of the Complaint as described, except to deny knowledge or information sufficient to form a belief as to whether the Universal Church of the Kingdom of God in Brazil's lapsed registration of www.universalchurch.org was "inadvertent" as alleged.

24.     Defendants admit that UNIVERSAL LIFE CHURCH MONASTERY STOREHOUSE has previously filed trademark applications with the United States Patent and Trademark Office.  Defendants otherwise deny the allegations contained in Paragraph "24" as described.

25.     Defendants deny the allegations set forth in paragraph "25" of the Complaint.

26.     Defendants deny the allegations set forth in paragraph "26" of the Complaint.

27.     Defendants deny the allegations set forth in paragraph "27" of the Complaint.

28.     Defendants deny the allegations set forth in paragraph "28" of the Complaint.

29.     Defendants admit that UNIVERSAL LIFE CHURCH MONASTERY STOREHOUSE received a letter from Plaintiff and contacted Plaintiff regarding the letter, and otherwise deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "29" of the Complaint.

30.     Defendants admit that UNIVERSAL LIFE CHURCH MONASTERY STOREHOUSE received a letter from Plaintiff and contacted Plaintiff regarding the letter, and otherwise deny the allegations set forth in paragraph "30" of the Complaint.

31.     Defendants deny knowledge or information sufficient to form a belief as to when Plaintiff purportedly learned information as alleged in paragraph "31" of the Complaint, and Defendants otherwise deny the allegations set forth in paragraph "31" of the Complaint.

32.     Defendants deny the allegations set forth in paragraph "32" of the Complaint.

## COUNT I

33.     Defendants repeat and incorporate by this reference its responses to paragraphs "1" through "32" of the Complaint as if fully set forth herein.

34.     Defendants deny the allegations set forth in paragraph "34" of the Complaint.

35.     Defendants deny the allegations set forth in paragraph "35" of the Complaint.

36.     Defendants deny the allegations set forth in paragraph "36" of the Complaint.

37.     Defendants deny the allegations set forth in paragraph "37" of the Complaint.

## COUNT II

38.     Defendants repeat and incorporate by this reference its responses to paragraphs "1" through "37" of the Complaint as if fully set forth herein.

39.     Defendants deny the allegations set forth in paragraph "39" of the Complaint to the extent that a response is required, and Defendants refer all questions of law to the Court.

40.     Defendants deny the allegations set forth in paragraph "40" of the Complaint.

41.     Defendants deny the allegations set forth in paragraph "41" of the Complaint.

42.     Defendants deny the allegations set forth in paragraph "42" of the Complaint.

43.     Defendants deny the allegations set forth in paragraph "43" of the Complaint.

### COUNT III

44.     Defendants repeat and incorporate by this reference its responses to paragraphs "1" through "43" of the Complaint as if fully set forth herein.

45.     Defendants deny the allegations set forth in paragraph "45" of the Complaint.

46.     Defendants deny the allegations set forth in paragraph "46" of the Complaint.

47.     Defendants deny the allegations set forth in paragraph "47" of the Complaint.

48.     Defendants deny the allegations set forth in paragraph "48" of the Complaint.

### COUNT IV

49.     Defendants repeat and incorporate by this reference its responses to paragraphs "1" through "48" of the Complaint as if fully set forth herein.

50.     Defendants deny the allegations set forth in paragraph "50" of the Complaint.

51.     Defendants deny the allegations set forth in paragraph "51" of the Complaint.

52.     Defendants deny the allegations set forth in paragraph "52" of the Complaint.

### COUNT V

53.     Defendants repeat and incorporate by this reference its responses to paragraphs "1" through "52" of the Complaint as if fully set forth herein.

6477089v.1

54.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "54" of the Complaint.

55.     Defendants deny the allegations set forth in paragraph "55" of the Complaint.

56.     Defendants deny the allegations set forth in paragraph "56" of the Complaint.

## AFFIRMATIVE DEFENSES

Defendants set forth the following affirmative defenses to the claims made in the Complaint.  In doing so, Defendants do not assume the burden of proof with respect to any of the affirmative defenses where the substantive law provides otherwise.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part based on the doctrine of fair use, as Plaintiff has previously allowed the use.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

To the extent, if any, Plaintiff holds valid trademarks, said trademarks are not infringed.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part due to Plaintiff's failure to mitigate damages.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by waiver, as Plaintiff has previously allowed the use.

6477089v.1

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The Complaint fails because Defendants have conducted themselves at all times in good faith, with a reasonable belief that their actions did not constitute a violation or infringement of any other person or entity's rights.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Defendants are not subject to the personal jurisdiction of this Court.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Defendants allege that venue is improper in the United State District Court for the Southern District of New York.

## AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

There is no confusion among consumers.

## AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

Plaintiff has abandoned and/or failed to police its trademarks as evidenced by, *inter alia*, the judicial admission contained in Paragraph 23 of the Compliant.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's trademarks are generic and/or lack necessary distinctiveness to legally function as source identifiers under applicable United States law

## RESERVATION OF RIGHTS

To the extent that Defendants may have other separate and/or additional defenses of which they are not aware, Defendants reserve the right to assert them by amendment to this Answer as discovery continues.

**WHEREFORE**, Defendants request that judgment be entered in their favor dismissing all causes of action set forth in the Complaint with prejudice; that Defendants be awarded all

8

6477089v.1

costs, including attorney's fees, resulting from the action; and for such other and further relief as the Court deems just and proper.

## COUNTERCLAIMS

## FIRST COUNTERCLAIM

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND UNENFORCEABILITY

1.      Counter-Defendant The Universal Church, Inc. has clearly and repeatedly alleged, *inter alia*, that Counter-Plaintiffs' use of the registered domain "universalchurch.org" would be and is an infringement of Counter-Defendant's claimed trademark rights.

2.      Infringement of a registered trademark is actionable under the Lanham Act, 15 U.S.C. § 1114(1), which permits a registrant to commence a civil action in U.S. District Court to obtain, *inter alia*, injunctive relief to prevent violation of any such rights, 15 U.S.C. § 1116; and monetary relief including profits attributable to the infringement, *Id*. at § 1117.

3.      Counter-Defendant's allegations constitute a clear, unambiguous claim that Counter-Plaintiffs' use of the registered domain "universalchurch.org" is an infringement of Counter-Defendant's claimed trademark and common law rights, and that Counter-Plaintiffs must meet Counter-Defendant's demands or be faced with continued litigation.

4.      Counter-Plaintiffs have denied that its good faith use of the registered domain "univeralchurch.org," and the terms "Universal Church" or "Universal Life Church" in general, does or will create any likelihood of confusion with Counter-Defendant or its products or services.

5.      The unreasonable demands of Counter-Defendant are intended to disrupt Counter-Plaintiffs' lawful business, thereby requiring an adjudication of the rights of the parties in the dispute identified herein, before Counter-Plaintiffs suffer further damage.

6477089v.1

6.     An actual case or controversy therefore exists within the Court's jurisdiction, concerning the validity of Counter-Defendant The Universal Church, Inc.'s claimed trademark rights, and the respective rights of the parties.  *See* 28 U.S.C. §§ 2201, 2202; Fed. R. Civ. P. 57.

7.     Counter-Plaintiffs' use of the registered domain "universalchurch.org," and the terms "Universal Church" or "Universal Life Church" in general, will not cause consumer confusion, does not infringe upon any registered trademark owned by Counter-Defendant, does not constitute unfair competition, and does not dilute any famous trademarks owned by Counter-Defendant.

8.     Counter-Plaintiffs have no adequate remedy at law and therefore seek declaratory relief as set forth herein.

### SECOND COUNTERCLAIM

### DECLARATORY JUDGMENT OF TRADEMARK INVALIDITY AND CANCELLATION OF TRADEMARKS PURSUANT TO 15 U.S.C. § 1064 and § 1119

9.     Counter-Plaintiffs reinstate and reallege paragraphs 1 through 8 of the Counterclaims inclusive, as if fully set forth herein.

10.     Counter-Defendant The Universal Church Inc.'s Trademarks bearing registration numbers 3037551 and 3040029 are generic.  Counter-Defendant The Universal Church Inc.'s Trademarks bearing registration numbers 4124440 and 393079 are generic, and/or lack necessary distinctiveness to legally function as source identifiers under applicable United States law.

11.     For example, the purportedly trademarked phrase "Universal Church" has been and continues to be associated with any number of churches, including the Christian Church as a whole, the Catholic Church, Ecumenism, and any of a number of Universalist churches and movements in the United States and around the world.  In particular, the Catholic Church

literally means the "Universal Church," as the term "catholic" derives from the latin "catholicus," meaning "universal."   As such, Counter-Defendant's Trademarks are plainly generic and/or lack distinctiveness.

12.      Counter-Defendant's conduct and threats as complained of herein have caused, and will continue to cause, injury to Counter-Plaintiffs.

13.      Pursuant to 15 U.S.C. § 1064 and § 1119, each of Counter-Defendant's Trademarks should therefore be declared invalid and ordered cancelled, as they are generic and/or lack necessary distinctiveness to legally function as trademarks under applicable United States law.

14.      An actual case or controversy therefore exists within the Court's jurisdiction, concerning the validity of Counter-Defendant's claimed trademark rights, and the respective rights of the parties.  *See* 28 U.S.C. §§ 2201, 2202; Fed. R. Civ. P 57.

15.      Counter-Plaintiffs have no adequate remedy at law and therefore seek declaratory relief against the Counter-Defendant The Universal Church, Inc. as set forth herein.

## PRAYER FOR RELIEF

**WHEREFORE**, the Counter-Plaintiffs request relief as follows:

A.   A Declaration of Counter-Plaintiffs' lawful rights to use "Universal Church," "Universal Life Church," and the registered domain "universalchurch.org" without complaint or further interference from Counter-Defendants;

B.   A Declaration that Counter-Plaintiffs' past and current trademarks and registered domain names do not infringe upon Counter-Defendant's Trademarks;

C.   A Declaration that Counter-Plaintiffs' use of the phrase "Universal Life Church," or similar phrases, and Counter-Plaintiffs' use of the registered domain

11

"universalchurch.org" do not create a likelihood of consumer confusion with
Counter-Defendant's Trademarks or with any common law rights of Counter-
Defendant;

D.  An Order pursuant to 15 U.S.C. § 1119 to rectify the Principal Register of the United
    States Patent and Trademark Office canceling each of Counter-Defendant's
    Trademarks, and such order shall be certified to the Director, who shall make
    appropriate entry upon the records of said Office;

E.  A Declaration that this is an "exceptional case" and an award of Counter-Plaintiffs'
    attorneys' fees and costs under 15 U.S.C. § 1117; and,

F.  Such other and further relief as this Court shall deem necessary and appropriate.

## JURY DEMAND

Counter-Plaintiffs/Defendants demand a trial by jury of all causes of action as to which
the law entitles them to a trial by jury.


Dated:  New York, New York
        Janaury 12, 2015

                                    Respectfully submitted,

                        **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

                                ____/s/ Jura Zibas_____
                                Jura C. Zibas
                                150 East 42nd Street
                                New York, NY 10017-5639
                                Telephone: 212-490-3000
                                Jura.zibas@wilsonelser.com
                                *Defendants* UNIVERSAL LIFE CHURCH/ULC
                                MONASTERY d/b/a THE UNIVERSAL LIFE
                                CHURCH, UNIVERSAL LIFE CHURCH
                                MONASTERY STOREHOUSE, GEORGE
                                FREEMAN, BRUCE TAYLOR, and CALVIN
                                TOELLNER

                                        12

6477089v.1