```
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/14/2016
```

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

THE UNIVERSAL CHURCH, INC.

- against -

UNIVERSAL LIFE CHURCH/ULC
MONASTERY d/b/a THE UNIVERSAL
LIFE CHURCH, UNIVERSAL LIFE
CHURCH MONASTERY STOREHOUSE,
GEORGE FREEMAN, BRUCE TAYLOR,
CALVIN TOELLNER and DANIEL
CHAPIN

Civil Action No. 14 CV 5213

[PROPOSED] STIPULATED
PROTECTIVE ORDER

WHEREAS, THE UNIVERSAL CHURCH, INC. ("Plaintiff"), and UNIVERSAL LIFE CHURCH/ULC MONASTERY d/b/a THE UNIVERSAL LIFE CHURCH, UNIVERSAL LIFE CHURCH MONASTERY STOREHOUSE, GEORGE FREEMAN, BRUCE TAYLOR, and CALVIN TOELLNER ("Defendants"), hereafter referred to as "the Party" or "Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosures of confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure Rule 26(o):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1. **Designation of Confidential Documents.**

a.　Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information, including but not limited to research, development, personnel, financial, competitive, personal information, or trade secrets of the

Party, or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information, or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or materials as follows: "Confidential." The word "Confidential," shall be placed clearly on each page of the Protected Material for which such protection is sought. Multi-page documents that are bound together must be stamped or labeled "Confidential" on each and every such page, but a party designating such document as "Confidential" shall where practical, designate as "Confidential" only those pages requiring protection. In the case of computer, audiovisual, digital or other electronic or magnetic medium, such notice shall be placed on the medium or its protective cover, if any. Any document which was or is produced without a "Confidential" designation may be so designated retroactively by written notice to opposing counsel. Discovery responses, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as a confidential document and each document or specific information shall be designated as "Confidential." The Parties may designate as "Restricted Confidential – Outside Counsel Only," in whole or in part, any material which contains highly confidential information that the producing party believes in good faith to be so commercially sensitive or confidential that disclosure to persons that producing party in good faith believes has the effect of causing harm to the designating entity or individual. Any document designated as "Confidential" or "Restricted Confidential – Outside Counsel Only" pursuant to this Order, and the contents of such document, are referred to herein as "Confidential Discovery Material." The party in receipt of

such designated material shall restrict the disclosure of such information to those persons qualified pursuant to this Order.

  b. With respect to any depositions that involve a disclosure of Protected Material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated "Confidential" or "Restricted Confidential – Outside Counsel Only," which period may be extended by agreement of the parties. Counsel may also designate, on the record, portions of the transcript that contain Protected Material. No such deposition transcript shall be disclosed to any individual other than the individuals described in paragraphs 2.A.(b), 2.A.(e), 2.A.(f) and 2.A.(g) herein and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in paragraphs 2.A.(b), 2.A.(e), 2.A.(f) and 2.A.(g) herein during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as "Confidential" or "Restricted Confidential – Outside Counsel Only," all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of those portions of the transcripts in accordance with the terms of this Order.

  c. Entering into, agreeing to, and/or producing, or receiving Confidential or Restricted Confidential – Outside Counsel Only material, or otherwise complying with the terms of this Protective Order, shall not:

    i. operate as an admission that any particular Confidential Discovery Material contains or reflects trade secrets or any other type of confidential information;

    ii. prevent the parties to this Protective Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular discovery material;

    iii. prejudice in any way the rights of a producing party to object to the production of documents it considers not subject to discovery;

    iv. prejudice in any way the rights of a party to seek a determination by the Court that particular material be produced; or

    v. prejudice in any way the rights of a party to apply to the Court for further protective orders, or modifications hereof.

  c. The initial failure to designate information in accordance with this Order shall not preclude any party from designating any information "Confidential" or "Restricted Confidential – Outside Counsel Only." A party must provide written notice to counsel of record for the receiving party designating the previously produced information as "Confidential" or "Restricted Confidential – Outside Counsel Only." The party in receipt of such designated material shall restrict the disclosure of such information to those persons qualified pursuant to this Order, and, if such information has previously been disclosed to persons not so qualified, it shall take reasonable efforts to obtain all such previously disclosed information and advise such persons of the claim of confidentiality.

  d. Designating a document "Confidential" or "Restricted Confidential- Outside Counsel Only" shall not be used against the producing party in any way as, for example, an admission that the designated information constitutes or contains any trade secret or confidential information.

2. **Use and Disclosure of Documents Designated "Confidential"**

A. No person subject to this Order, other than the producing person, shall disclose any Discovery Material designated by the producing person as "Confidential" to any other person, except that such Confidential Discovery Material may be disclosed to:

(a) the parties to this action;

(b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) the author, addressee, or any other person indicated on the face of a document as having received a copy of that document;

(d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Notice of Adherence to Protective Order in the form set forth in Exhibit A, and a copy of such executed Notice of Adherence has been served on all parties prior to disclosure of the Confidential Discovery Material;

(e) non-party experts or consultants, including their secretarial and clerical personnel, retained to assist counsel of record in this case provided such person has first executed a Notice of Adherence to Protective Order in the form set forth in Exhibit A, and a copy of such executed Notice of Adherence has been served on all parties prior to disclosure of the Confidential Discovery Material;

(f) stenographers engaged to transcribe depositions conducted in this action; and,

(g) the Court and its support personnel.

B. Disclosure of Discovery Material designated as "Restricted Confidential – Outside Counsel Only" shall be limited to the persons identified in paragraphs 2.A.(b), 2.A.(e), 2.A.(f) and 2.A.(g).

C. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 2.A.(a), 2.A.(b), 2.A.(c), 2.A.(d) or 2.A.(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Notice of Adherence to Protective Order in the form attached hereto as Exhibit A and served a copy of such executed Notice of Adherence on all parties.

3. Declassification of Confidential Discovery Material; Material Exempted

a. At any time during the pendency of this action, any party may object to the designation of any Protected Material as "Confidential" or may, after making a good faith effort to resolve any such objection, move for an order vacating the designation. While such an application is pending, the Protected Material in question shall be treated as Confidential Discovery Material pursuant to this Protective Order. The producing party shall have the burden of proof that good cause exists for the designation of Confidential Discovery Material.

b. The parties are not obliged to challenge the designation of any Confidential Discovery Material at the time of receipt, disclosure, or designation thereof, and a failure to do so shall not preclude a subsequent challenge

c. The provisions of this Order shall not apply to any document or information contained therein which are obtained from non-privileged sources other than through discovery or which are before, or after designation as "Confidential" become, a matter of public record on file with any governmental or regulatory agency or board or otherwise available from publicly accessible sources.

4. **Confidential Discovery Material Received From Third Parties**

Any party receiving documents from a non-party, pursuant to non-party subpoena or otherwise, shall produce the documents to their adversary within two (2) Court days of receipt of such materials, and thereafter shall provide their adversary with fourteen (14) calendar days to review the materials produced by third parties and to affix confidentiality designations to the materials in conformity with this Order. Materials received from non-parties shall be treated as "Restricted Confidential – Outside Counsel Only," until such time as the materials are given an alternative designation or the aforesaid fourteen (14) calendar day review period has elapsed with no designation having been made.

5. **Filing of Confidential Discovery Material**

All Confidential Discovery Material to be filed under seal with the court shall be done in accordance with local rules. In the event the court denies the request to file said Confidential Discovery Material under seal, the parties shall continue to treat the Confidential Discovery Material in all other respects as Confidential Discovery Material governed under this Protective Order.

6. **Use of Confidential Information in Depositions.**

a. A deponent may, during the deposition, be shown and examined about Confidential Discovery Material. Unless the deponent already knows the Confidential Discovery Material concerned, the deponent shall (in lieu of signing a Notice of Adherence) be advised of and agree to, while under oath, the restrictions contained in this Order before being examined about such material. Deponents shall not retain or copy portions of their transcript which contain Confidential Discovery Material Parties. Confidential Discovery

Material within the deposition transcript may be designated by underlining, separate binding, or other suitable means.

### 7. Confidential Information at Trial.

Subject to the Federal Rules of Evidence, Confidential Discovery Material may be offered in trial or at any court hearing, provided that the proponent of the evidence gives reasonable notice under the circumstances to counsel for the party that designated the information as protected. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as protected and, if so, what protection, if any, may be afforded to such information at the trial.

### 8. Unauthorized Disclosure

In the event of disclosure of any Confidential Discovery Material to a person not authorized for access to such material, the party responsible for having made, and any party with knowledge of, such disclosure shall immediately inform counsel for the party whose Confidential Discovery Material has thus been disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The responsible party shall also promptly take all reasonable measures to ensure that no further or greater unauthorized disclosure or use of such information or materials is made. Each party shall cooperate in good faith in that effort.

9.  **Duration of Order, Return of Confidential Discovery Material, and Retention by Counsel**

a. This Order shall continue in effect after the conclusion of this action, except that a receiving party may seek the written permission of the producing party or further order of the Court with respect to dissolution or modification of this Order.

b. Within 45 calendar days after the conclusion of this action in its entirety, all parties and persons having received Confidential Discovery Material shall dispose of all such material either by (1) returning such material to counsel for the producing party and certifying that fact, or (2) destroying such material in a manner that ensures that it will not be disclosed to or disseminated or recovered by any person and certifying that fact. No person or party shall be deemed in breach of this paragraph until and unless they or their counsel have received a written demand for compliance herewith after compliance became due and forty-five (45) days have elapsed without compliance.

c. Counsel for the parties shall be entitled to retain all court papers, deposition and trial transcripts, exhibits used in affidavits, at depositions and at trial, and attorney work product, including such materials containing, quoting, discussing or analyzing Confidential Discovery Material, provided that such counsel, and employees of such counsel, shall not disclose such court papers, deposition and trial transcripts, exhibits or attorney work product to any person unless after reasonable prior notice to the Producing Party, the disclosing counsel has obtained permission pursuant to Court Order or by agreement with the producing party. The Confidential Discovery Material kept by counsel pursuant to this subsection shall be maintained so as not to be accessible to persons other than such counsel and his or her partners, associates, paralegals, and secretaries.

d      "Conclusion of this action" means the expiration of appeal periods or the execution of a settlement agreement among all the parties finally disposing of this action.

### 10.   Subpoena by Third Party

If any Party is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document seeks Confidential Discovery Material, the Party in receipt of the subpoena shall give prompt written notice to counsel who produced the Confidential Discovery Material prior to the deadline for complying with the subpoena or responding to the document demand. No compulsory disclosure to third parties of material exchanged under this Order shall be deemed a waiver of any claim of confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction.

### 11.   Court's Continuing Jurisdiction

This Court has continuing jurisdiction over the enforcement, interpretation, and modification of this Order, and any person executing a Notice of Adherence of this Order shall be deemed to have consented to the personal jurisdiction of this Court for such purpose. This continuing jurisdiction shall extend beyond the conclusion of this action. The confidentiality obligations imposed by this Order shall survive any such expiration unless otherwise expressly ordered by this Court upon a duly noticed motion and hearing.

AGREED TO BY:

TENDY LAW OFFICE LLC

*Katherine Daniels*

Katherine J. Daniels, (Of Counsel)
45 Broadway, Ste. 3150
New York, New York 10006
212-447-4700
212-986-5316
kdaniels@bmgllp.com

Attorney for Plaintiff

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP

*Jura Zibas*

Jura C. Zibas
150 E. 42nd St.
New York, New York 10017
212-915-5756
212.490.3038
jura.zibas@wilsonelser.com

Attorney for Defendants

SO ORDERED:

*Naomi Reice Buchwald*
Hon. Naomi Reice Buchwald, U.S.D.J.
1/13/16

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

THE UNIVERSAL CHURCH, INC.

- against –

UNIVERSAL LIFE CHURCH/ULC
MONASTERY d/b/a THE UNIVERSAL LIFE
CHURCH, UNIVERSAL LIFE CHURCH
MONASTERY STOREHOUSE, GEORGE
FREEMAN, BRUCE TAYLOR, CALVIN
TOELLNER and DANIEL CHAPIN

Civil Action No. 14 CV 5213

NOTICE OF ADHERENCE TO PROTECTIVE ORDER

I, _____, of _____

_____, affirm and state as follows:

(1) I have read the Protective Order entered in this litigation;

(2) I understand its terms and agree to be fully bound and adhere to all terms of such Order.

_____          _____
Date                    Signature